# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RAYMOND D. HARVEY, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 18-1797 (RBK) (JS) |
| | : | |
| v. | : | |
| | : | |
| GLOUCESTER COUNTY JAIL, et al., | : | **OPINION** |
| | : | |
| Defendants. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I.      INTRODUCTION

Plaintiff, Raymond D. Harvey, was a pretrial detainee at the time he filed this *pro se*
rights complaint pursuant to 42 U.S.C. § 1983. At this time, this Court must screen the complaint
pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed
as frivolous or malicious, for failure to state a claim upon which relief may be granted, or
because it seeks monetary relief from a defendant who is immune from suit. For the following
reasons, the complaint will be dismissed, albeit without prejudice against two of the defendants.

## II.      BACKGROUND

The allegations of the complaint will be construed as true for purposes of this screening
opinion. Plaintiff names the following as defendants in his complaint:  (1) Gloucester County
Jail; (2) Cumberland County Jail; (3) State of New Jersey; (4) Officer Deerfield – Cumberland
County Correctional Officer; and (5) Officer Deehan – Gloucester County Correctional Officer.

Plaintiff alleges that on May 17, 2017, he was being transported from Gloucester County
Superior Court back to Cumberland County Jail. According to plaintiff, he was under the care of
Officers Deerfield and Deehan during this return trip. They did not provide him with the proper

safety procedures during the transport. While returning to the Cumberland County Jail, there was a car accident. Plaintiff suffered injuries to his back and neck as a result. He requests monetary damages as relief.

### III.    LEGAL STANDARDS

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *see* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(l)); *Courteau v. United States*, 287 Fed.Appx. 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, *"pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## IV.    DISCUSSION

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

A. <u>Gloucester County Jail & Cumberland County Jail</u>

Plaintiff first attempts to bring this § 1983 action against the Gloucester County and Cumberland County Jails. However, a jail is not a "person" subject to suit under § 1983. *See Parrish v. Ocean Cnty. Jail,* No. 13–2020, 2013 WL 5554687, at *2 (D.N.J. Sept. 20, 2013) (finding that Ocean County Jail is not a person subject to suit under 42 U.S.C. § 1983) (citations omitted); *Ross v. Burlington Cnty. Jail,* No. 12–338, 2013 WL 3514191, at *2 (D.N.J. July 11, 2013) (dismissing claims against jail with prejudice as it is not a person subject to § 1983 liability) (citations omitted); *Ruiz v. Stills,* No. 09–4259, 2012 WL 762166, at *4 (D.N.J. Mar.7, 2012) (dismissing Cumberland County Jail from lawsuit because it is not a person subject to § 1983 liability) (citations omitted). Accordingly, plaintiff's federal claims against the Gloucester County Jail and the Cumberland County Jail will be dismissed with prejudice for failure to state a claim.

B. <u>State of New Jersey</u>

Plaintiff next attempts to bring this § 1983 action for monetary damages against the State of New Jersey. The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Accordingly, "[t]he rule has evolved that a suit by private parties seeking to impose liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Edelman v. Jordan,* 415 U.S. 651, 663 (1974). The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. *See Shahin v. Delaware,* 345 F. App'x 815, 817 (3d Cir. 2009) (citing *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89,

100 (1984)). Section 1983 does not override a state's Eleventh Amendment immunity. *See Gromek v. Maenza,* 614 F. App'x 42, 44 (3d Cir. 2015) (citing *Quern v. Jordan,* 440 U.S. 332, 345 (1979)). Therefore, the State of New Jersey is immune from suit for monetary damages in this case. Accordingly, plaintiff's federal claims against the State of New Jersey for monetary damages will be dismissed with prejudice.

C. Officers Deerfield & Deehan

Plaintiff next alleges claims against officers Deerfield and Deehan. To reiterate, plaintiff alleges that he was under their care while being transported from court when he was involved in a car accident that caused him neck and back injuries. According to plaintiff, Deerfield and Deehan violated his constitutional rights by violating their oath to protect him by "not providing [plaintiff] with the proper safety procedures[.]" (ECF 1 at p.6)

As a pretrial detainee, plaintiff's interests are grounded in the Due Process Clause of the Fourteenth Amendment. *See Fuentes v. Wagner*, 206 F.3d 335, 341-42 (3d Cir. 2000). As courts have noted, however:

> courts have analyzed claims of failure to protect by pretrial detainees under the "deliberate indifference" standard set forth in Eighth Amendment jurisprudence, as the due process rights of a pretrial detainee are at least as great as the Eighth Amendment rights of a convicted prisoner. *Mohamed v. Aviles*, 2007 WL 923506, at *6 (D.N.J. March 26, 2007) (citing *Turner v. Cupp*, 238 F.3d 424, 2000 WL 1141423, at *2 (6th Cir. Aug.4, 2000)). In similar cases, the Third Circuit has indicated that deliberate indifference is the appropriate standard in the context of a Fourteenth Amendment failure-to-protect claim. *See A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 587 (3d Cir. 2004). The Eighth Amendment standard has likewise been applied to inadequate medical care claims brought by pretrial detainees. *See Hubbard v. Taylor*, 399 F.3d 150, 166 n. 22 (3d Cir. 2005) (applying Eighth Amendment doctrine to pretrial detainees raising claims of failure to protect and inadequate medical care); *see also Strobert v. Ocean Cty. Jail*, No. CIV.A. 07-3172 GEB, 2011 WL 63601, at *4 (D.N.J. Jan. 7, 2011) (explaining same).

*Mazariegos v. Monmouth Cty. Corr. Inst.*, No. 12-5626, 2016 WL 6208261, at *7 (D.N.J. Oct.

24, 2016). To properly state a failure to protect claim plaintiff must "plead facts that show: (1)

he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official

was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's

deliberate indifference caused him harm." *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012)

(citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d

Cir. 1997)). "Deliberate indifference" is a subjective standard whereby "'the prison official-

defendant must actually have known or been aware of the excessive risk to inmate safety.'" As

noted by the Third Circuit:

> It is not sufficient that the official should have known of the risk.
> [*Beers Capitol v, Whetzel*, 256 F.3d 120,] 133 [(3d Cir. 2001)]. A
> plaintiff can, however, prove an official's actual knowledge of a
> substantial risk to his safety "in the usual ways, including inference
> from circumstantial evidence." *Farmer*, 511 U.S. at 842. In other
> words, "a factfinder may conclude that a prison official knew of a
> substantial risk from the very fact that the risk was obvious." *Id.*

*Bistrian*, 696 F.3d at 367.

To the extent that plaintiff is seeking to bring a failure to protect claim against these two

defendants, the complaint does not state with any facial plausibility that that his transportation

from the courthouse was under such conditions that posed a serious risk of harm to him and/or

that either of these two defendants were deliberately indifferent to that risk. Instead, the

complaint alleges in conclusory fashion that the defendants did not provide him with "the proper

safety procedures." However, such a conclusory statement without any supporting facts is

insufficient to state a failure to protect claim against these two defendants.

It may be that plaintiff is also seeking to bring some type of § 1983 claim for Deerfield

and Deehan's purported negligence. However, as this Court recently noted:

> "[M]erely negligent misconduct will not give rise to a claim under
> § 1983; the state defendant must act with a higher degree of
> intent." *Burton v. Kindle*, 401 F. App'x 635, 637 (3d Cir. 2010)
> (citing *Lewis*, 523 U.S. at 849). Indeed, the Supreme Court has
> long held that prison authorities' mere negligence in and of itself
> does not violate a prisoner's constitutional rights. *See Daniels v.
> Williams*, 474 U.S. 327, 330 (1986); *Davidson v. Cannon*, 474 U.S.
> 344, 347 (1986); *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186,
> 193 n.2 (3d Cir. 2001). The United States Constitution is not a
> "font of tort law." *Lewis*, 523 U.S. at 847 n.8, 848 ("[T]he
> Constitution does not guarantee due care on the part of state
> officials."); *Innis v. Wilson*, 334 F. App'x 454, 457 (3d Cir. 2009).

*Glaspie v. Cty. of Gloucester*, No. 15-7691, 2018 WL 4179461, at *6 (D.N.J. Aug. 31, 2018).

Thus, negligence on the part of these two defendants is insufficient to state a § 1983 claim.

Accordingly, plaintiff's federal claims against these two defendants will be dismissed without

prejudice for failure to state a claim.

D. State Law Claims

Instead of attempting to bring such a negligence claim under § 1983, plaintiff may be

attempting to bring a stand-alone state law negligence claim against the defendants. However,

this Court declines to exercise supplemental jurisdiction over such a stand-alone state law claim

as all of the federal claims in this action have already been dismissed. *See* 28 U.S.C. §

1367(c)(3).

## V. CONCLUSION

For the foregoing reasons, plaintiff's federal claims against the Gloucester County Jail

and the Cumberland County Jail will be dismissed with prejudice for failure to state a claim upon

which relief may be granted. Plaintiff's federal claims against the State of New Jersey shall be

dismissed with prejudice because this defendant is immune from suit. Plaintiff's federal claims

against Officers Deerfield and Deehan will be dismissed without prejudice for failure to state a

claim upon which relief may be granted. This Court will decline to exercise supplemental

jurisdiction over plaintiff's state law claims. Plaintiff shall have the opportunity to file a proposed amended complaint, but only as to the claims that have been dismissed without prejudice. An appropriate order will be entered.

DATED:  September 29, 2018

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge
